IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-30748
Summary Calendar
_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HILTON L. SMITH,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Western District of Texas
(95-CR-10015-01)
_____

July 30, 1997

Before GARWOOD, PARKER and DENNIS, Circuit Judges.[*]

PER CURIAM:

Rebecca L. Hudsmith, the Federal Public Defender for the
Western and Middle Districts of Louisiana, and Wayne J. Blanchard,
Assistant Public Defender, seek to withdraw as attorneys for Hilton
L. Smith, a convicted participant and co-conspirator in a scheme to
defraud the federal government through redemption of Department of
Agriculture Food Coupons for cash and to launder the proceeds.

_____

[*]     Pursuant to 5TH CIR. R. 47.5 the Court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Pursuant to *Anders v. California*, 386 U.S. 738 (1967), Smith's attorneys filed a brief asserting that there were no nonfrivolous issues for appeal and referred this Court to those matters in the record that might arguably support an appeal. Smith filed a response, raising various contentions that he believed supported an appeal and requested appointment of replacement counsel. Finding that there are no nonfrivolous issues for appeal, we grant Smith's attorneys' motion to withdraw, deny Smith's *pro se* motion for appointment of replacement counsel, and dismiss his appeal as frivolous.

After an independent review of Smith's attorneys' brief, Smith's responses, and the record, we discern no nonfrivolous issue for appeal. First, Smith's guilty plea was voluntary, taken in accordance with the strictures of Rule 11 of the Federal Rules of Criminal Procedure, and, as evidenced by the on-record colloquy before the district court, presaged by detailed guidance regarding his rights, potential punishments, and the ramifications of his decision to plead guilty. No improper behavior by Smith's attorney or lack of comprehension on the part of Smith is evident from the record. There is no basis for a nonfrivolous appeal on the voluntariness of Smith's guilty plea. Smith's "substantial rights" were not in any way diminished. *United States v. Johnson*, 1 F.3d 296, 298 (5th Cir. 1993) (en banc). Second, the amount of restitution was correct, supported by the uncontested evidence

2

presented, and properly took into consideration the entire dollar amount of the food stamps illegally redeemed for cash rather than solely the net profits from the fraudulent scheme.  In this regard, any appeal on the amount of restitution ordered by the district court is foreclosed by our opinion in *United States v. Lewis*, 104 F.3d 690, 692-93 (5th Cir. 1996), *cert. denied*, 117 S.Ct. 1451 (1997).  The district court discounted the amount of restitution by a figure representing the highest amount testified to have been redeemed legally.  Smith did not otherwise contest the percentage of illegal cash redemption of food stamps.  Finally, although Smith objected to the two-level increase to his base offense level pursuant to U.S.S.G. § 3B1.1, the Government presented sufficient evidence at the sentencing hearing to establish the requisite factual predicate to support the facts found in the Presentence Report and to justify the two-level adjustment by a preponderance of the evidence.  *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995) (citing *United States v. Ellwood*, 999 F.2d 814, 817 (5th Cir. 1993)).  The evidence is overwhelming that the district court decision to increase Smith's offense level was not clearly erroneous.[1]

---

[1]     We do not reach Smith's ineffective-assistance-of-counsel claim at this time. *See United States v. Gaytan*, 74 F.3d 545, 557 (5th Cir) (citing *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992) (holding that ineffective assistance claims cannot be reached on direct appeal if the claims were not raised before the district court and the record is not sufficiently developed)), *cert. denied*, 117 S.Ct. 77 (1996).

Accordingly, we GRANT Smith's attorneys' motion to withdraw from further responsibilities in his appeal, DENY Smith's motion to appoint replacement counsel, and DISMISS his appeal as frivolous.